**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

JOSEPH ST. ROMAIN, JR.                                                  CIVIL ACTION

VERSUS                                                                14-660-SDD-RLB

GOVERNOR'S OFFICE OF HOMELAND
SECURITY AND EMERGENCY
PREPAREDNESS, ET AL.

## RULING

The following pretrial evidentiary Motions are before the Court:

Plaintiff's *Motion in Limine*;[1]

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Evidence or Testimony of Claims That Have Been Dismissed*;[2]

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Any Evidence of Disciplinary Action Taken Against Major Jim Brown*;[3]

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Lost Wages*;[4] and

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Medical Expenses.*[5]

The background facts are set out in this Courts prior *Rulings*.[6] The Court will address each Motion *seriatim*.

---

[1] Rec. Doc. 58. Opposition at Rec. Doc. 78.
[2] Rec. Doc. 62. Opposition at Rec. Doc. 74.
[3] Rec. Doc. 63. Opposition at Rec. Doc. 72.
[4] Rec. Doc. 64. Opposition at Rec. Doc. 71.
[5] Rec. Doc. 65. Opposition at Rec. Doc. 75.
[6] Rec. Docs. 16, 52, and 54.

1

**I.     PLAINTIFF'S *MOTION IN LIMINE* (Rec. Doc. 58)**

Plaintiff moves to exclude the following evidence:

- Arrests and incident reports by law enforcement prior to the October 3, 2013 arrest which is the subject matter of this litigation;[7]

- Arrests and incident reports by law enforcement after the October 3, 2013 arrest;[8]

- Plaintiff's *Nolo Contendere* plea regarding the October 3, 2013 arrest which is the subject matter of this litigation (Defendant's Exhibit DD);

- Evidence and testimony not disclosed or produced by Sheriff Ard; and

- Evidence and testimony not disclosed or produced by Major Jim Brown.

**A. Arrests and Incidents Reports before the October 3, 2013 Arrest**

Plaintiff moves to exclude evidence of law enforcement actions involving the Plaintiff which arose prior to the subject arrest date of October 3, 2013 on the grounds of relevance[9], hearsay[10] and impermissible character evidence[11]. Defendants' counter that the evidence is relevant to the Plaintiff's claim for damages, is not evidence offered for the truth of the matter asserted and, thus, not hearsay, or alternatively the documents are public records and, thus, are an exception to the rule against hearsay, and the evidence is probative of a material issue other than character.

---

[7] Plaintiff specifically refers to evidence relating to charges and an arrest in December of 2007 and Defendants' Exhibits I, K, L, M, N, O, P, X and AA, identified by Defendants in the *Pretrial Order* (Rec. Doc. 58, p. 1).
[8] Plaintiff specifically refers to Defendants' Exhibits F, H, J, R, S, T, Y, CC, and II, identified by Defendants in the *Pretrial Order* (Rec. Doc. 58, p. 2).
[9] FRE 401, 403.
[10] FRE 802.
[11] FRE 404.

The Plaintiff's FRE 401/403 relevance and undue prejudice objection is referred to the time of trial. As to the Plaintiff's motion for exclusion on the grounds that the evidence constitutes impermissible character evidence, FRE 404(b)(1) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, other acts or evidence may be admissible "for another purpose". FRE 404(b)(2). The other purposes identified in the rule are illustrative not exclusive.[12] In this case, the Defendants argue that the Plaintiff's prior acts are admissible to rebut or defend his damages claim. A two part inquiry is required. "First, it must be determined that the [other acts] evidence is relevant to an issue other than the defendant's character. Second, the evidence must possess probative value that is not substantially outweighed by its undue prejudice".[13]

The parties referred to exhibits identified on the Joint Pretrial Order however failed to provide the Court with the evidence sought to be excluded. The Court declines to scour the record in an effort to locate the subject exhibits in the chance that they were offered in support or opposition to a prior Motion. Without the exhibits made the subject of the Motion, the Court is unable to make the two part inquiry required. Hence, the Motion to exclude arrests and incidents reports pre-dating October 3, 2013, pursuant to FRE 404, is denied without prejudice to re-urging at the time of trial.

Finally, Plaintiff objects on the grounds of hearsay. As out of court statements, reports of prior incidents and arrests are hearsay unless not offered for the truth or fall

---

[12] "[E]vidence of other acts is admissible to prove, *inter alia,* 'motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.' " *U.S. v. Cervantes*, 706 F.3d 603, 615 (5th Cir. 2013).
[13] *Id.*

under a hearsay exception. The Defendants' argument that the prior law enforcement incident reports and arrest records are 'not offered for the truth of the matter asserted' lacks persuasiveness. However, the records fall within the FRE 803(8) public records exception. Rule 803(8) covers "a record or statement of a public office" offered in a civil action "if it sets out . . . factual findings from a legally authorized investigation" unless the opponent shows that "the sources of information or other circumstances indicate a lack of trustworthiness". FRE 803(8)(A)(iii).

Opinions and conclusions, as well as facts, are covered by [the] Rule.[14] A plain reading of the rule, and Fifth Circuit guidance, direct that the subject reports are "presumed not to be excluded under the hearsay rule unless there are indications of untrustworthiness."[15] Plaintiff has failed to make the requisite showing that the reports lack trustworthiness. Accordingly, the Plaintiff's motion to exclude as hearsay is denied without prejudice to re-urging the objection at the time of trial.

**B. Arrests and Incident Reports after the October 3, 2013 Arrest**

Plaintiff moves to exclude evidence of law enforcement actions involving the Plaintiff which arose after the subject arrest date of October 3, 2013 on the grounds of relevance[16] and inadmissible character evidence[17].

Three subsequent incidents are at issue: 1) November 19, 2013 arrest in the 21st JDC for Violation of a Protective Order[18] and Stalking[19] and 2) a December 2014 arrest in Avoyelles parish and a March 2015 conviction following a plea of guilty to the charge

---

[14] *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir.1991), citing *Beech Aircraft Corp. v. Rainey,* 488 U.S. 153, 169, 109 S.Ct. 439, 450, 102 L.Ed.2d 445 (1988).
[15] *Moss v. Ole South Real Estate, Inc.*, 933 F.2d 1300, 1305 (5th Cir.1991).
[16] FRE 401, 403.
[17] FRE 607, 608, 609.
[18] La. R.S. 14:79.
[19] La. R.S. 14:40.2.

of simple battery.[20] Plaintiff moves to exclude the 2 subsequent arrests and simple battery conviction[21] on the grounds that the evidence is impermissible character evidence prohibited under FRE 608 and 609. Plaintiff asserts, and the Defendants do not dispute, that the March 2015 conviction was "set aside" pursuant to a Louisiana procedural mechanism codified in Louisiana's Code of Criminal Procedure, Article 894B. Hence, Plaintiff urges exclusion pursuant to FRE 609(c), which provides that evidence of a conviction "subject to a pardon, annulment, certificate of rehabilitation or other equivalent procedure based on a finding that the person has been rehabilitated" is not admissible to attack credibility of the witness.

Federal Rule of Evidence 608(b) provides that "[e]xcept for a criminal conviction under Rule 609 extrinsic evidence is not admissible to prove specific instances of a witness's conduct in order to attack or support the witness's character for truthfulness. But the court may, on cross-examination, allow them to be inquired into if they are probative of the character for truthfulness or untruthfulness." FRE 609 permits admission of prior convictions for crimes punishable by death or more than one year in prison or for crimes, regardless of punishment, involving dishonesty or false statements as an element of the crime.

The Defendants concede that they will not offer the subject evidence as evidence of the Plaintiff's character for truthfulness. However, Defendants urge that the evidence is probative of "the veracity of [the Plaintiff's] alleged damages." The Court is unpersuaded that a subsequent arrest for violation of a protective order and stalking is

---

[20] Plaintiff argues that the conviction was set aside pursuant the Louisiana Code of Criminal Procedure Article 894B after the Plaintiff satisfactorily completed supervised probation without violation of the terms. (Rec. Doc. 58-1, pp. 8-9).
[21] *Id.*

5

probative on the issue of the Plaintiff's damages. The evidence of the November 19, 2013 arrest in the 21st JDC shall be excluded and the Plaintiff's *Motion in Limine* as to the November 2013 arrest is GRANTED.

As to the March 2015 conviction for simple battery, in view of the strict prohibitions against extrinsic evidence to attack character[22] and against admitting convictions which have been procedurally set aside on findings of rehabilitation,[23] the Court finds the prejudicial effect outweighs the probative value of the evidence. The evidence of the December 2014 arrest in Avoyelles Parish and March 2015 of simple battery shall be excluded and the Plaintiff's *Motion in Limine* as to this evidence is GRANTED.

The Defendants fail to persuade the Court that the evidence of Plaintiff's November 19, 2013 arrest in the 21st JDC for Violation of a Protective Order and Stalking, which remains unprosecuted, is probative on the issue of damages. In any event the prejudice outweighs any marginal probative value. Plaintiff's Motion in Limine as to this evidence is GRANTED.

### C. Plaintiff's *Nolo Contendere* plea regarding the October 3, 2013 arrest which is the subject matter of this litigation

Moving for exclusion of his *nolo contender* plea[24] to the charge that is the subject of this case, Plaintiff relies on FRE 410 which provides that a plea of *nolo contender* is not admissible "against the defendant who made the plea" in a civil of criminal matter. The Plaintiff in this civil case was the "defendant who made the plea". By the plain reading of FRE 410 the plea is thus inadmissible in this civil case.

---

[22] FRE 608(b).
[23] FRE 609(c) deems inadmissible convictions which are the subject of the procedural equivalent of a "pardon, annulment, [or] certificate of rehabilitation". The Court notes that a finding of satisfactory completion of supervision could be considered a finding of rehabilitation, but the Court does not so hold.
[24] Defendant's Exhibit DD, Rec. Doc. 57.

6

Defendants rely on a 1988 Sixth Circuit case[25] and collateral estoppel principals enunciated in *Heck v Humphrey*[26] in opposition to the Plaintiff's Motion to exclude his *nolo contendere* plea. *Inter alia*, the Plaintiff asserts §1983 claims against Sherriff Ard, in his official capacity, and Major Jim Brown for wrongful arrest, illegal search, and use of excessive force in connection with an arrest for violation of a protective order, to which charge the Plaintiff entered a plea of *nolo contendere*. The *Walker*[27] case is cited for the proposition that FRE 410 is not an absolute bar against the admission of *nolo contendere* pleas, particularly when the pleader brings a subsequent § 1983 claim for false arrest. Importantly, in *Walker,* the issue arose in the context of the assertion of the qualified immunity defense by the civil defendants. The Sixth Circuit held that "[nolo contendere pleas] made by defendants and the finding of guilt and imposition of fines by [the] court estop plaintiffs from now asserting [claims for wrongful arrest] in federal court."[28] The Court went on to conclude its reliance on the *nolo* plea as the basis for estoppel was not prohibited by FRE 410 because "the persons who entered prior no-contest pleas are now plaintiffs in a civil action. Accordingly, use of the no-contest plea for estoppel purposes is not 'against the defendant' within the meaning of Fed.R.Evid. 410."[29]

As noted by the Third Circuit, "the logic of *Walker* seems to flow from the Supreme Court's decision in *Heck v. Humphrey,* 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), where the Court held that, when a § 1983 claim amounts to a collateral attack on a criminal conviction, the conviction or sentence must be reversed, or invalidated by

---

[25] *Walker v. Schaeffer*, 854 F.2d 138 (6th Cir. 1988).
[26] *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).
[27] Note 25, supra.
[28] 854 F.2d 138, 142 (6th Cir.1988).
[29] 854 F.2d 138, 143 (6th Cir.1988).

other means, before a court can entertain the claim."[30] As noted by the Defendants, the Fifth Circuit has not addressed the FRE 410's prohibition of the use of *nolo contender* pleas as evidence in subsequent civil actions claiming wrongful arrest.

In the context of false or wrongful arrest claims, there is a tension between the plain language of FRE 410 and *Heck v. Humphrey*[31] estoppel principals. *Heck* bars §1983 false arrest claims where a finding of civil liability would implicate the underlying conviction, but whether *Heck* estoppel applies to an excessive use of force claim requires further analysis. In order for *Heck* to preclude the Plaintiff's §1983 excessive force claim, a civil judgment in the Plaintiff's favor on this claim would have to imply invalidity of the Plaintiff's conviction for violation of a Protective Order.[32] It does not. Hence, in this case, as to the excessive force claim, there is no tension between FRE 410 and the rationale underlying *Heck* estoppel.

This is an evidentiary motion, not a Motion to Dismiss the false arrest claims under the *Heck* doctrine. In the Court's view, reliance on *Heck* to oppose a motion in limine to exclude evidence of a *nolo contendere* under FRE 410 is misplaced and untimely. While the *nolo contendere* plea may be relevant to a Motion to Dismiss the wrongful arrest claims pursuant to *Heck*, no such Motion is before the Court and the deadlines for bringing same have lapsed. The *nolo contendere* plea is inadmissible as to the excessive use of force claim under a plain reading of FRE 410 and shall, thus, be excluded at trial. The Plaintiff's *Motion in Limine* to exclude evidence of the *nolo contendere* plea is GRANTED.

---

[30] *Sharif v. Picone,* 740 F.3d 263, 269 (3rd Cir. 2014).
[31] Note 26, supra.
[32] See, *Ballard v. Burton,* 444 F.3d 391, 397 (5th Cir. 2006).

**D. Evidence and Testimony not disclosed or produced by Sheriff Ard**

Plaintiff moves to exclude all evidence and testimony from Sherriff Ard for the reason that he allegedly "failed to submit Initial Disclosures and failed and/or refused to answer Plaintiff's four (4) sets of discovery requests."[33]

Plaintiff initially named the Livingston Parish Sheriff's Office as a Defendant and, on September 14, 2015, Sherriff Ard was substituted for LPSO.[34] Sherriff Ard was named in his official capacity only.[35] The only claim remaining against Sherriff Ard is for vicarious liability for actions of Major Brown. Defendants aptly note that disclosures and discovery responses made by Major Brown "also apply on behalf of Sheriff Ard, as the two defendants are essentially defending the same claims arising out of the same facts."[36]

Although Plaintiff did not file a Motion to Compel, Plaintiff moves to exclude all evidence, both documentary and testimonial, from Sherriff Ard for failure to make initial disclosures and for failure to respond to the written discovery. Specifically, Plaintiff urges exclusion of evidence because Ard failed to respond to four sets of written discovery and failed to make initial disclosures when he was added as a Defendant. The Court will address each alleged discovery violation and whether an exclusionary sanction is warranted under the facts and circumstances of each.

1. <u>Plaintiff's [First] Interrogatories and Requests for Production of Documents to the Defendants dated April, 2015</u>[37]

Sherriff Ard was not a Defendant at the time of this written discovery. The discovery was answered by co-defendant Major Brown. Sherriff Ard was under no obligation to

---

[33] Rec. Doc. 58-1, p. 10.
[34] Rec. Doc. 24.
[35] *Id.*
[36] Rec. Doc. 78, p. 11.
[37] Rec. Doc. 58-2, Exhibit G.

9

answer discovery propounded to another Defendant. Plaintiff's Motion to exclude evidence called for in this discovery is DENIED.

2. <u>Plaintiff's Second Set of Interrogatories and Requests for Production of Documents dated July 2, 2015[38]</u>

These discovery requests were propounded to Major Jim Brown. Again, Sherriff Ard was under no obligation to answer discovery propounded to another Defendant. Plaintiff's Motion to exclude evidence called for in this discovery is DENIED.

3. <u>Plaintiff's Second *(sic)* Set of Interrogatories and Requests for Production of Documents dated October, 2015[39]</u>

Ard admits that he did not respond to the October, 2015 discovery requests, but he argues that exclusion of evidence is inappropriate owing to the Plaintiff's failure to comply with the certification requirement of Fed. R. Civ. Proc. 37. Rule 37(d)(1)(B) provides, that "A motion for sanctions for failing to answer or respond must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action."

Notably, Plaintiff did not file a Motion to Compel discovery. Plaintiff offered no evidence that he attempted to amicably resolve the discovery dispute.[40] Given these circumstances, and the fact that the only potential grounds for liability of Ard is vicarious, the Court finds that the Plaintiff is not unduly prejudiced by Ard's failure to respond to the October, 2015 discovery. Plaintiff's Motion to exclude evidence called for in this discovery is DENIED.

---

[38] Rec. Doc. 58-2, Exhibit H.
[39] Rec. Doc. 58-2, Exhibit I.
[40] The December 4, 2015 correspondence referred to by Plaintiff merely seeks allowance from the Defendants for the lateness of the December 3, 2015 discovery. (Rec. Doc. 58-2, Exhibit K).

4. <u>Plaintiff's [Fourth] Interrogatories and Requests for Production of Documents dated December 3, 2015[41]</u>

Sheriff Ard admits that he did not respond to the December 3, 2015 discovery, but he avers that he was not legally required to respond to this discovery because it was untimely propounded under this Court's local rules. Specifically, the December 3, 2015 discovery was propounded eight days before the discovery cut off.[42] Local Rule 26(d)(2) provides, that "[w]ritten discovery is not timely unless the response to that discovery would be due before the discovery deadline. The responding party has no obligation to respond and object to written discovery if the response and objection would not be due until after the discovery deadline."

In light of this Local Rule, the Court finds that a sanction of exclusion of evidence is unduly harsh. Plaintiff's Motion to exclude evidence called for in this discovery is DENIED.

**E. Evidence and testimony not disclosed or produced by Major Brown**

Defendants identify a video of the plaintiff as Exhibit JJ in the *Parties' Joint Pretrial Order*. Plaintiff moves to exclude the video for the failure of the Defendants to produce it in response to Plaintiff's Request for Production, propounded on August 20, 2015 which called production of:

> [A]ny and all audio and/or video recordings depicting the Plaintiff and/or containing statements of the Plaintiff in your possession.[43]

Defendants responded as follows:

Defendant objects to this request as overly broad, unduly burdensome, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects to the extent Request for

---
[41] Rec. Doc. 58-2, Exhibit J.
[42] Discovery Cut-Off December 11, 2015. Rec. Doc. 14.
[43] Rec. Doc. 58-2, Exhibit L, p. 40.

11

> Production No. 2 seeks privileged work product prepared in anticipation of litigation. Subject to and without waiving the foregoing objections, defendant states that the only recordings of plaintiff in his possession are those that were previously produced to him by plaintiff or his counsel and the deposition of plaintiff taken in this litigation.[44]

Clearly, the video identified as a defense exhibit was called for in discovery. After objecting, Defendants represented "the only recordings of plaintiff in his possession are those that were previously produced to him".

In defense of the Motion in Limine to exclude this video evidence, Defendants cite FRCP 26 which excepts from initial disclosure evidence that will be used "solely for impeachment". "Nothing in the Federal Rules permits a party to refuse to produce impeachment evidence that is responsive to an opponent's *discovery* requests. The only basis for withholding such evidence is found in Rule 26(a)(1) and (3). However, Rule 26(a) governs *disclosures* only, not discovery."[45] The Plaintiffs *Motion in Limine* to exclude Exhibit JJ is GRANTED.

## II. Defendants' *Motion in Limine to Exclude Evidence or Testimony of Claims That Have Been Dismissed*[46]

Defendants move to exclude evidence of acts of other officers who have been dismissed from this suit. Defendants argue that the actions of the other deputies have no bearing on the remaining claims for trial. Plaintiff opposes the Motion arguing that the remaining "claims of false arrest and excessive force remaining against Defendant Brown require an analysis of whether his actions were reasonable in light of the facts and

---

[44] *Id*, p. 41.
[45] *Grubbs v. Winn Dixie Properties, LLC*, 2015 WL 3892555, at *1 (E.D.La., 2015).
[46] Rec. Doc. 62.

12

circumstances known to him." [47] Plaintiff argues that "evidence of facts involving other LPSO deputies is probative of the reasonableness and actions of Defendant Brown."[48]

The Court finds that relevance determinations are best made at trial. Accordingly, the Court defers ruling on the subject *Motion in Limine* to the time of trial. *The Motion in Limine to Exclude Evidence or Testimony of Claims That Have Been Dismissed* (Rec. Doc. 62) is DENIED without prejudice to urging objections at trial.

### III. Defendants' *Motion in Limine to Exclude Any Evidence of Disciplinary Action Taken Against Major Jim Brown*[49]

On relevance grounds, Defendants move to exclude evidence, argument, or testimony regarding discipline of Major Jim Brown during his law enforcement career, including evidence of "'write ups', suspensions, or transfers to other divisions within the Sheriff's office."[50] Opposing[51] the *Motion in Limine*, Plaintiff contends that "Brown's employment record at LPSO may show that he was disciplined and/or demoted for use of excessive force and/or due to his actions associated with the October 3, 2013 arrest at issue in this litigation. Thus, evidence of post-incident discipline is clearly relevant to liability."[52] Plaintiff further argues that "[t]his evidence would be probative of Defendant Brown's intent to use force or violence."[53] The Court is not persuaded that after-the-fact discipline is probative that the act for which discipline may have been meted was intentional. Nonetheless, as previously stated, in this Court's view, relevancy is best determined at trial. Accordingly, the Court defers ruling on the subject *Motion in Limine* to

---

[47] Rec. Doc. 74, p. 2.
[48] *Id.* at p. 3.
[49] Rec. Doc. 63. Opposition at Rec. Doc. 72.
[50] Rec. Doc. 63-1, p. 2.
[51] Rec. Doc. 72.
[52] Id., p. 2.
[53] Id., p. 3.

13

the time of trial. *The Motion in Limine to Exclude Any Evidence of Disciplinary Action Taken Against Major Jim Brown* (Rec. Doc. 63) is DENIED without prejudice to urging objections at trial.

### IV. Defendants' *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Lost Wages*[54]

Defendants move to exclude evidence of the Plaintiff's claim for lost wages. Defendants argue that "plaintiff has never produced any evidence that would support a claim for lost wages, nor has he properly disclosed what amount in damages he is seeking in accordance with Fed. R. Civ. P. 26(a)(1)(A)(iii)."[55] Plaintiff opposes the Motion arguing that, in his Rule 26 disclosures, he stated that he "has not yet determined computation of damages [and] specifically reserves the right to update, supplement and revise this damage calculation prior to trial."[56] While he concedes that that he did not provide the Defendants with a specific calculation of his lost wages, Plaintiff submits that, in response to discovery, he identified his history of employment and wage history and he authorized Defendants to obtain his income tax returns.

Plaintiff concedes that he did not provide a *specific* calculation of his lost wages and earnings, despite discovery requests which called for the information. The relevant written discovery was as follows:

INTERROGATORY NO. 16:

With regard to the damages you are socking as a result of the occurrence made the basis of this lawsuit, please set forth the total amount of damages sought, itemizing the amount for each individual element you are seeking to recover, including, but not limited to, medical expenses (past and future), lost wages (past and future), pain and suffering, mental anguish, loss of earning capacity, loss of consortium, etc., and giving the basis therefor.

---

[54] Rec. Doc. 64. *Opposition* at Rec. Doc. 71.
[55] Rec. Doc. 64-1, p. 2.
[56] Rec. Doc. 71, p. 2.

ANSWER TO INTERROGATORY NO. 16:

Plaintiff has not yet made that calculation.[57]

REQUEST FOR PRODUCTION NO. 14:

Please produce all documents which support your claim for actual damages as alleged in your Petition (i.e. medical expenses, lost earnings, etc.).

ANSWER TO REQUEST FOR PRODUCTION NO. 14:

Objection, premature, overly broad and vague. Subject to the objection, all documents produced herein support Plaintiff's claims.[58]

In his 2015 deposition, the Plaintiff testified that he had not come to a "final number" for his wage loss claim but that he and his attorney planned on calculating that.[59] Plaintiff was obliged by Federal Rule of Civil Procedure 26 to provide "a computation of each category of damages claimed". Plaintiff admittedly did not. Furthermore, Defendants specifically requested a calculation of all special damages, including lost wages, however, no such information was provided. Seeking to be excused from his discovery failures, Plaintiff argues that "[a] lthough Mr. St. Romain did not provide a *specific* calculation of his lost wages and earnings in his answers to Defendants' Interrogatories, he did provide a listing of his employment, and his wages, for the ten (10) years preceding the date of the incident made the basis of this suit."[60]

Litigation is not a game of blind man's bluff. Fed. R. Civ. Proc. 37(c)(1) states that, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a

---

[57] Rec. Doc. 64-4, p. 9.
[58] *Id.* at p. 13.
[59] Rec. Doc. 64-5.
[60] Rec. Doc. 71, p. 3.

15

motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"Considering the purpose of Rule 26(a)(1)(A) and its direct link to exclusionary sanctions in Rule 37(c),"[61] Plaintiff lacks substantial justification for failing to produce a computation of the wage loss he claims. Given that wage loss is a significant component, if not the most significant component, of the Plaintiff's damage claim, the Court finds the evidence important. Plaintiff did not offer any justification for his failure to provide a computation. Finally, this litigation is at an advanced stage, all deadlines have passed, the Parties have submitted proposed *voir dire*, jury instructions and lodged evidentiary motions, therefore the omission by Plaintiff is not harmless.[62] For these reasons the Defendants' *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Lost Wages* (Rec. Doc. 64) is GRANTED.

**V.    Defendants' *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Medical Expenses*[63]**

Defendants move for exclusion of evidence of Plaintiff's medical expenses under Fed. Civ. Proc. 37(c)(1), asserting that Plaintiff failed to make initial disclosures[64] of medical expenses and failed to produce evidence of medical expenses despite specific discovery requests calling for same[65].

Plaintiff does not dispute that he did not disclose or make any computation of his medical expense as required by FRCP Rule 26(a), nor does Plaintiff dispute that he did

---

[61] *Martino v. Kiewit New Mexico Corp.*, 600 Fed. Appx. 908, 911 (5th Cir. 2015).
[62] See, *CQ, Inc. v. TXU Min. Co., L.P.,* 565 F.3d 268, 277 (5th Cir.2009) and *Patterson v. Houston Independent School Dist.*, 570 Fed. Appx. 367, 370 (5th Cir. 2014).
[63] Rec. Doc. 65.
[64] Rec. Doc. 65-3.
[65] Rec. Doc. 65-4.

16

not produce medical expense evidence in response to written discovery. In what the Court construes as an argument that the undisputed discovery failures were harmless, Plaintiff argues that he "identified his treating health care providers early in this litigation, and Defendant subpoenaed his medical records".[66] Plaintiff argues that, in his deposition, he testified about his alleged injuries and the medical treatment he sought and that the Defendants obtained the evidence via subpoena to Plaintiff's medical providers.[67]

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Plaintiff offers no justification for his failure to comply with Rule 26 or his failure to respond to specific discovery requests for the subject medical evidence. In evaluating whether the failure to disclose is harmless, a court looks to four factors: (1) the explanation for the party's failure to disclose; (2) the importance of the evidence; (3) the potential prejudice to the opposing party from including the evidence; and (4) the availability of a continuance.[68] In this Court's view, the diligence of the opposing party in obtaining evidence by independent means, in this case *subpoena*, should not provide the basis for defeating the sanction of exclusion on the grounds of harmlessness. "Written in mandatory terms, Rule 37(c)(1) was adopted in 1993 to give 'teeth to a significantly

---

[66] Rec. Doc. 75, p. 2.
[67] *Id.*
[68] *CQ, Inc. v. TXU Min. Co., L.P.*, 565 F.3d 268, 280 (5th Cir.2009); *Terrance v. Pointe Coupee Parish Policy Jury*, 2006 WL 1153732, *1 (5th Cir.2006).

broadened duty' to comply with case management orders' and Rule 26's disclosure requirements."[69]

While this Court is chagrin to reward the Plaintiff by finding the disclosure and discovery failure harmless because the Defendants exercised other means to obtain the subject medical expense evidence, the Court is also mindful that exclusionary sanctions are harsh and, thus, should be used sparingly, especially when the exclusion would be outcome determinative.[70] Here, the exclusion of medical expense evidence would not be outcome determinative.

In determining harmlessness of the disclosure failure, the Court evaluates whether Defendants were prejudiced by Plaintiffs' failure to comply with discovery rules. Defendants were on notice of the injuries claimed and the treatment received for the claimed injuries.[71] Plaintiff's *Petition for Damages* makes a specific claim for medical expenses.[72] Defendants *subpoenaed* the subject information directly from the providers and Defendants did not file any discovery motions to compel disclosure. The Court finds that the Defendants were not prejudiced by Plaintiff's failure to disclose "a computation of [the medical expense] category of damages claimed."[73]

The Defendants' *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Medical Expenses* (Rec. Doc. 65) is DENIED without

---

[69] *In re Enron Corporation Securities, Derivative & "Erisa" Litigation*, 2007 WL 5023541 (S.D.Tex. 2007), citing, *Gagnon v. Teledyne Princeton, Inc.*, 437 F.3d 188, 191 (1st Cir.2006) and *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir.1995).
[70] *Martin v. Winn-Dixie Louisiana, Inc.*, 132 F.Supp.3d 794, 808 (M.D.La. 2015), internal quotes and citations omitted.
[71] See discussion at Notes 64 and 65, *supra*.
[72] Rec. Doc. 1-2 ¶ 19, p. 13..
[73] Fed. R. Civ. P. 26(a)(1)(A)(iii). See also, *Primrose Operating Co. v. National American Ins.* Co., 382 F.3d 546, 564 (5th Cir. 2004).

prejudice to the right of the Defendants to object to medical expense evidence not previously received by *subpoena* and not produced by Plaintiff.

## VI. CONCLUSION

For the foregoing reasons, the Court rules as follows:

Plaintiff's *Motion in Limine*[74] is DENIED in part and GRANTED in part. Specifically, Plaintiff's request to exclude arrests and incident reports by law enforcement prior to the October 3, 2013 arrest which is the subject matter of this litigation is DENIED without prejudice to re-urging objections at trial. Plaintiff's request to exclude arrests and incident reports by law enforcement after the October 3, 2013 arrest is GRANTED. Plaintiff's request to exclude Plaintiff's *Nolo Contendere* plea regarding the October 3, 2013 arrest which is the subject matter of this litigation is GRANTED. Plaintiff's request to exclude evidence and testimony not disclosed or produced by Sheriff Ard is DENIED. Plaintiff's request to exclude Defendant's Exhibit JJ which was not disclosed or produced by Major Jim Brown is GRANTED.

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Evidence or Testimony of Claims That Have Been Dismissed*[75] is DENIED without prejudice to urging objections at trial.

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Any Evidence of Disciplinary Action Taken Against Major Jim Brown*[76] is DENIED without prejudice to urging objections at trial.

---

[74] Rec. Doc. 58.
[75] Rec. Doc. 62.
[76] Rec. Doc. 63.

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Lost Wages*[77] is GRANTED.

Defendants Sherriff Jason Ard and Major Jim Brown's *Motion in Limine to Exclude Any Evidence or Testimony Regarding Joseph St. Romain Jr.'s Medical Expenses*[78] is DENIED without prejudice to urging objections at trial.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on June 6, 2017.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[77] Rec. Doc. 64.
[78] Rec. Doc. 65.