# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA


JOSEPH ST. ROMAIN, JR.                                    CIVIL ACTION


VERSUS                                                    14-660-SDD-RLB


GOVERNOR'S OFFICE OF HOMELAND
SECURITY AND EMERGENCY
PREPAREDNESS, ET AL.


## ORDER OF DISMISSAL

This matter came on October 24, 2017 for a Final Pre-trial Conference to discuss the jury trial set to begin on November 13, 2017.  Nearly three years after the filing of this lawsuit, and well after the close of discovery and the resolution of dispositive motions, counsel for Plaintiff, Joseph St. Romain, Jr. ("Plaintiff") filed a *Motion to Withdraw.*[1]  On September 28, 2017, the Court held a hearing on counsel's motion wherein it was determined that there was good cause for the withdrawal of Plaintiff's counsel.[2]  The Court strongly urged Plaintiff to retain new counsel as soon as possible but also advised Plaintiff that, unless and until such time that new counsel enrolled in this matter, Plaintiff would be proceeding *pro se*, and all previously set deadlines remained in effect.   The Clerk of Court for the Middle District of Louisiana was instructed to transmit to Plaintiff all filings in this matter both electronically and by mail.[3]

---

[1] Rec. Doc. No. 86.
[2] *See* Rec. Doc. No. 89.
[3] *Id.*
Document Number: 42451

JURY

Since that hearing, Plaintiff has not complied with <u>any</u> orders or deadlines associated with this case. Plaintiff was required to file an *Affidavit of Settlement Efforts* by October 2, 2017. Plaintiff failed to comply with this order, and Defendants' *Affidavit of Settlement Efforts* stated that Defendants had extended a settlement offer to Plaintiff with no response.[4] Next, Plaintiff was required to file a Joint *Proposed Pretrial Order* on October 17, 2017. Plaintiff failed to comply with this order, and Defendants filed the *Proposed Pretrial Order* with the statement: "As of the time of this filing, undersigned counsel has been unable to reach Mr. St. Romain."[5] Plaintiff's proposed *Jury Instructions, Verdict Form,* and requested *Voir Dire* were ordered to be filed on or before October 23, 2017; again, Plaintiff failed to comply with the Court's order to file any of these documents.

On October 24, 2017, Plaintiff failed to appear at the Final Pre-Trial Conference set for 2:30 p.m. Defense counsel appeared and advised the Court of numerous attempts to reach Plaintiff, but no contact was ever made.[6]

"Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action based on the failure of the plaintiff to prosecute or to comply with any order of the court."[7] "Pro se litigants are not exempt from compliance with the rules of procedure."[8] Thus, even when an individual represents himself, all parties have the responsibility to comply with court orders. While dismissal under either rule is a harsh

---

[4] Rec. Doc. No. 91.

[5] Rec. Doc. No. 92.

[6] Defense counsel advised that he had called Plaintiff about inserts for the Joint Pre-Trial order and left a message. Plaintiff called Defense counsel back on October 16, but Defense counsel could not answer at the time. Defense counsel returned Plaintiff's call on October 17, 19, and 23, but all calls went straight to Plaintiff's voicemail, and Plaintiff has not returned any of these calls.

[7] *See* Fed.R.Civ.P. 41(b); *see also Lopez v. Aransas County Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978); *Beard v. Experian Information Solutions Inc.*, 214 Fed.Appx. 459, 462 (5th Cir. 2007).

[8] *Beard* at 462 (citing *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981)).

Document Number: 42451

sanction, it is nonetheless appropriate if a "clear record of delay or contumacious conduct by the plaintiff exists and lesser sanctions would not serve the best interests of justice."[9] Ultimately, exercise of the power to dismiss is committed to the sound discretion of the district courts.[10]

The Fifth Circuit has made clear that "[a] dismissal with prejudice 'is an extreme sanction that deprives the litigant of the opportunity to pursue his claim.'"[11] Thus, the Fifth Circuit has limited the court's discretion in dismissing cases with prejudice.[12] The Fifth Circuit affirms dismissals with prejudice for failure to prosecute only when: (1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile.[13] Additionally, in most cases where the Fifth Circuit has affirmed dismissals with prejudice, the appellate court found at least one of three aggravating factors: "(1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct."[14]

Here, because Plaintiff was *pro se* at the time of every act of non-compliance, he has no counsel to blame for his actions.[15] As set forth above, the record reflects that, from the moment his previous counsel withdrew and Plaintiff took over his case, he has repeatedly failed to comply with the Court's orders and deadlines, even after the Court's

---

[9] *Price v. McGlathery*, 792 F.2d 472, 474 (5th Cir. 1986)(internal citations omitted).
[10] *Lopez*, 570 F.2d at 544.
[11] *Berry v. CIGNA/RSI–CIGNA*, 975 F.2d 1188, 1191 (5th Cir. 1992), (citing *Callip v. Harris County Child Welfare Dept.*, 757 F.2d 1513, 1519 (5th Cir. 1985)).
[12] *Berry*, 975 F.2d at 1191(citing *Price*, 792 F.2d at 474).
[13] *Berry*, 975 F.2d at 1191.
[14] *Price*, 792 F.2d at 474.
[15] *See Pegues v. PGW Auto Glass, L.L.C.*, 451 Fed.Appx. 417, 418 (5th Cir. 2011).
Document Number: 42451

specific directives regarding the looming deadlines associated with this case. While the Court is loath to dismiss this action with prejudice, considering that trial is less than three weeks away and Plaintiff has made no efforts to prosecute his case, the Court is left without a less harsh remedy.[16]

Thus, after consideration of the record, this Court concludes that the delay in this case has been occasioned by Plaintiff himself and not by an attorney, and the delay caused by Plaintiff has actually prejudiced Defendant. The trial is less than three weeks away, and Plaintiff has utterly and completely failed to cooperate with all trial-related deadlines and appearances. Thus, the Court concludes this case should also be dismissed under Rule 37(d) for Plaintiff's repeated failures to comply with Court orders.

Therefore, for the reasons set forth above, this case is DISMISSED WITH PREJUDICE. The jury trial currently set for November 13, 2017 is CANCELLED. Any pending motions are DENIED as MOOT. Defendants shall submit a proposed *Judgment* for the Court's consideration within thirty (30) days of this *Order* that conforms with all *Rulings* in this matter.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 25th day of October, 2017.

_____
**SHELLY D. DICK, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[16] There is no reason to believe that Plaintiff would appear for a Show Cause Hearing considering he has failed to appear and or comply with any other Court orders or deadlines.
Document Number: 42451